THE MERCHANTS LOAN AND TRUST COMPANY, EXECUTORS OF THE LAST WILL AND TESTAMENT OF ARTHUR W. MASTERS, DECEASED

*v.*

STATE OF ILLINOIS.

*Opinion filed December 11, 1916.*

1. INHERITANCE TAX—*happening of may justify refund, when.* If by the happening of a contingency an interest in an estate is liable to a lesser tax than though the contingency had not happened then upon the happening of such contingency, a refund should be made, in case the tax has been paid.

2. INTEREST—*when allowed.* Where the right to a refund is established under section 25 of the inheritance tax law, interest will be allowed.

McCullough & McCullough, for Claimant.

P. J. Lucey, Attorney General, for State.

Claimant filed its petition here as executor of the last will and testament of Arthur W. Masters, late a resident of Cook County, who died on August 3, 1909.

The will of decedent, probated in the Probate Court of Cook County, created a trust estate to continue until a son should become twenty-one years of age, and a daughter eighteen years of age, and it further provided, that, if each of said children should attain their respective ages that division should be made in equal shares between said children and the widow. It contained further provision for distribution of the estate, in the event that either or both of the children should die before arriving at the ages as set forth in the will.

The inheritance tax appraiser appraised the net taxable value of the estate at $59,370.31. The inheritance tax was assessed at $724.45, and on January 22, 1910, the amount of said tax, less five per cent, or $688.23, was paid to the County Treasurer of Cook County.

Inasmuch, as the contingencies which terminate the trust have occurred, the said children having reached the ages of twenty-one and eighteen respectively, the estate of said decedent became the property of the said widow and children. Before division into thirds, however, it is provided in the will that each of the children should receive, outright, $5,000.00. If the estate valued at $59,370.31 be divided into thirds, each of the children and the widow will receive $15,330.92, and to the share of each of the children should be added $5,000.00, making the inheritance of each child $21,330.92. The estate taken by the widow is not subject to tax, being less than $20,000.00 in value. The deduction of exemptions for each of the children would make the estate of each child subject to tax worth $1,330.92.

Under section 25 of the inheritance tax law, claimants are entitled to a refund with interest at the rate of three per cent from the date of payment, and in this case, claimants are entitled to the difference between the amount paid $688.23, and the tax that should have been paid, $26.60, less five per cent, or $25.27, same being the aggregate of the tax that should have been paid by the children, less 5% on the theory that same would have been paid within six months as the original tax was paid.   This amount is $662.96.

It is accordingly the judgment of the Court that claimant be awarded the sum of $662.96, together with interest thereon at 3% from January 22, 1910.